1  R. BRIAN DIXON, Bar No. 076247
   JOHN C. KLOOSTERMAN, Bar No. 182625
2  LITTLER MENDELSON
   A Professional Corporation
3  650 California Street, 20th Floor
   San Francisco, CA 94108.2693
4  Telephone:   415.433.1940
   Facsimile:   415.399.8490
5  E-mail: bdixon@littler.com
           jkloosterman@littler.com
6
   Attorneys for Defendant
7  RELIABLE TRUCKING, INC.

8                  UNITED STATES DISTRICT COURT
9                 NORTHERN DISTRICT OF CALIFORNIA
10                     SAN FRANCISCO DIVISION
11

12  JESSE YBARRA, JAIME GUIDO, BILL         Case No. C06-05206 MHP
    CHIVERS and DARREN FEDORFF, on
13  their own behalf and on behalf of a class of   [PROPOSED] ORDER AND FINAL
    similarly situated persons pursuant to         JUDGMENT
14  FRCP 23 and 29 U.S.C. § 216, and on
    behalf of the general public,                  Date:       May 19, 2008
15                                                 Time:       2:00 p.m.
                    Plaintiffs,                    Courtroom:  15
16      v.                                         Judge:      Hon. Marilyn Hall Patel
17  RELIABLE TRUCKING, INC.,                       Complaint Filed: August 24, 2006
18                  Defendant.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE YBARRA, JAIME GUIDO, BILL CHIVERS and DARREN FEDORFF, on their own behalf and on behalf of a class of similarly situated persons pursuant to FRCP 23 and 29 U.S.C. § 216, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>RELIABLE TRUCKING, INC.,<br><br>Defendant. | Case No. C06-05206 MHP<br><br>**ORDER AND FINAL JUDGMENT** |

The matter having come before the Court for hearing, pursuant to the Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Order") of this Court dated January 11, 2008, and for approval of the settlement as set forth in the Parties' Stipulation Regarding Settlement ("Settlement Agreement"), filed with this Court on November 29, 2007, and due and adequate notice having been given to the Settlement Class as required by the Preliminary Order, and the Court having considered all papers filed and proceedings had herein and otherwise been fully informed, and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECLARED** that:

1.  All terms used herein shall have the same meaning as defined in the Settlement Agreement. For the purposes of this Order and Final Judgment, and consistent with the Settlement Agreement, the term "Settlement Class" means those Eligible Class Members who are or were employed by Reliable Trucking, Inc. ("Defendant") as truck drivers and who were not provided with the opportunity to take meal and/or rest breaks during the Class Period (as defined in the Settlement Agreement), and/or worked more than forty (40) hours per week during the Class Period without being paid overtime compensation.

2.      This Court has jurisdiction over the subject matter of the Class Action and over all Parties to the Class Action, including all Members of the Settlement Class.

3.      Notice to the Settlement Class, including the mailing of the Class Notice and the Request for Exclusion Form, as set forth in the Settlement Agreement, has been completed in conformity with the Preliminary Order, including individual notice to all Settlement Class Members who could be identified through reasonable effort. The Court finds that said notice was the best notice practicable under the circumstances. The Class Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and the Class Notice and Request for Exclusion Form fully satisfied the requirements of due process.

4.      This Court hereby approves the settlement set forth in the Settlement Agreement including the settlement awards, released claims and other terms therein, and finds that the Settlement Agreement is, in all respects, fair, reasonable and adequate to the Parties and directs the Parties to effectuate the settlement according to its terms. The Court also finds that the Settlement Class is properly certified as a class as part of this settlement, as separate lawsuits by Settlement Class Members would create a risk of imposing incompatible standards of conduct on Defendants through inconsistent adjudications, and because Defendants have acted (or refused to act) on grounds generally applicable to the Settlement Class, so that relief with respect to the Settlement Class as a whole is appropriate.

5.      All Class Members who failed to send a timely Request for Exclusion Form are hereby deemed to have waived and released all Settled Claims and are forever barred and enjoined from prosecuting the Settled Claims against the Released Parties.

6.      Within forty five (45) days after the Effective Date, Defendant shall pay Class Counsel the sum of Thirty-Five Thousand Dollars ($35,000.00) as attorneys' fees for prosecution of the Class Action.

7.      Within forty five days (45) after the Effective Date, Defendants shall pay each of the Named Plaintiff the sum of Three Thousand Dollars ($3,000.00), less any applicable deductions required by state and local law.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**ORDER AND FINAL JUDGMENT**    3.    (CASE NO. C06-05206 MHP)

8. The Settlement shall proceed as directed in the Implementation Schedule in the Preliminary Approval Order, and no payment to Eligible Class Members, no special payment to Named Plaintiff, and no attorneys' fees to Class Counsel shall be made until after the Effective Date.

9. The Settlement Agreement is not an admission by Defendant nor is this Order and Final Judgment a finding of the validity of any claims in the Class Action or of any wrongdoing by Defendant. Furthermore, the Settlement Agreement is not a concession by Defendant and shall not be used as an admission of any fault, omission or wrongdoing by Defendant. Neither this Order and Final Judgment, the Settlement Agreement, any document referred to herein, any exhibit to any document referred to herein, any action taken to carry out the Settlement Agreement, nor any negotiations or proceedings related to the Settlement Agreement are to be construed as, or deemed to be evidence of, or an admission or concession with regard to, the denials or defenses of Defendant, and shall not be offered in evidence in any action or proceeding against the Parties hereto in any Court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Order and Final Judgment. This Final Order and Judgment, the Settlement Agreement and exhibits thereto, and any other papers and records on file in the Class Action may be filed in this Court or in any other litigation as evidence of the settlement by Defendant to support a defense of *res judicata, collateral estoppel*, release, or other theory of claim or issue preclusion or similar defense as to the Settled Claims.

10. Neither the terms of this Settlement Agreement nor the Settlement Award paid to the Named Plaintiffs or any Eligible Class Members shall have any effect on the eligibility for or calculation of employee benefits of the Named Plaintiffs or Eligible Class Members.

11. The Class Action is hereby dismissed with prejudice, provided however, and without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) interpretation, implementation and enforcement of the settlement; and (b) enforcement and administration of the Settlement Agreement.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**ORDER AND FINAL JUDGMENT**   4.   (CASE NO. C06-05206 MHP)

1   12.  If the settlement does not become final and effective in accord with the terms
2   of the Settlement Agreement, this Order and Final Judgment shall be rendered null and void and
3   shall be vacated, and in such event, all orders entered, including, but not limited to any dismissal and
4   all releases delivered in connection therewith, shall be null and void.

**IT IS SO ORDERED**.

Dated: May 19, 2008

_____
UNITED STATES DISTRICT JUDGE

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**ORDER AND FINAL JUDGMENT**   5.   (CASE NO. C06-05206 MHP)